# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2021

Lyle W. Cayce
Clerk

No. 20-10695

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER JAMAINE LORICK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CR-57-1

Before HO, OLDHAM, and WILSON, *Circuit Judges*.
PER CURIAM:*

Christopher Jamaine Lorick pleaded guilty to possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(ii). In 2018, he was sentenced to 121 months' imprisonment and five years of supervised release. After exhausting his administrative remedies, Lorick filed a motion for compassionate release

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. The district court denied Lorick's motion, and it later denied reconsideration. Lorick appealed.

His case was routed to this panel for consideration in tandem with No. 20-30494, *United States v. Hatton*, and No. 20-40543, *United States v. Shkambi*. Here, as in those other cases, the district court thought itself bound by the United States Sentencing Commission's "policy statement," which sets forth substantive standards governing compassionate-release motions under § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13 & cmt. 1.

As we explained in *Shkambi*, the text of § 1B1.13 limits its applicability to "motion[s] of the Director of the Bureau of Prisons." No. 20-40543, at 8–9 (5th Cir. Apr. 7, 2021) (quoting U.S.S.G. § 1B1.13). The district court therefore erred in considering itself bound by the policy statement in considering a *prisoner's* § 3582 motion. On remand, the district court must consider whether Lorick has demonstrated "extraordinary and compelling reasons" justifying sentence reduction under § 3582(c)(1)(A)(i). Of course, as always, the district court also must consider the factors enumerated in § 3553(a).

The district court's order denying Lorick's motion for compassionate release is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.